UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID RICHARD WILSON, II,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>DONALD W. CRANK,   )<br>)<br>Defendant.   ) | Case No. 4:20 CV 1692 MTS |

**MEMORANDUM AND ORDER**

Self-represented plaintiff David Richard Wilson, II brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights against his former attorney, Donald W. Crank.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. Doc. [2].  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, after reviewing the complaint, the Court will dismiss this action for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, Plaintiff states that he is not employed, has no income, and has received no money in the past twelve months. Doc. [2]. However, on a separate letter, Plaintiff states that he has received money from his girlfriend, and his inmate account statement shows deposits totaling $508.05 over an approximate three-week period. Doc. [4 at 1, 4-5]. But, his ending balance on December 2, 2020, was only $0.09. *Id.* at 5. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement for a six-month period, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim

for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff, a pretrial detainee currently being held at the St. Louis County Justice Center, brings this action under 42 U.S.C. § 1983 against his former attorney, Donald Crank, in both his individual and official capacities. Doc. [1 at 2]. According to Plaintiff, between January and mid-August 2020, he "was ripped off by [his] private counsel [defendant Crank] and [Crank] wouldn't withdraw" from Plaintiff's criminal cases. *Id.* at 3.

Plaintiff was arrested on December 17, 2019. In January 2020, Plaintiff hired Crank to represent him after Crank "basically" promised Plaintiff that he would "be bailed out as soon as [plaintiff] hired him." *Id.* at 5; *see also* Doc. [1-3 at 28-30].[1] However, at Plaintiff's bond hearing on February 13, 2020, Plaintiff was denied bond. Subsequently, Crank did not obtain videotape

---

[1] Plaintiff has attached multiple documents as exhibits to his complaint. Docs. [1-3]. In assessing whether an action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B), courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

surveillance that Plaintiff thought would be helpful in one of his cases.[2]  A month later, when Plaintiff questioned Crank about his "discovery," he learned that Crank had given the discovery documents to a fellow inmate, housed in different section of the jail, who Plaintiff describes as a "dangerous felon, rapist, and overall a dangerous man."  Doc. [1 at 5].  A document attached to the complaint seems to indicate that Crank admits to this "unintended-handoff … mistake."  Doc. [1-3 at 5].

Plaintiff eventually requested Crank visit him at the jail where Plaintiff fired him orally on March 17, 2020.  Doc. [1 at 6].  Plaintiff then sought representation through the public defender's office but was denied because Crank had not withdrawn from all of Plaintiff's cases.[3]  Plaintiff wrote Crank a letter explaining his difficulties obtaining new representation and giving Crank "an opportunity to correct this highly unethical wrong."  *Id.*  Crank did not respond.  Plaintiff filed a complaint with the Office of Chief Disciplinary Counsel.  *See* ECF No. 1-3 at 26-27.  According to Plaintiff, in Crank's response to the complaint filing, Crank lied and altered Plaintiff's handwritten letter.  Doc. [1 at 6-7]; Doc. [1-3 at 19-23].

Plaintiff blames Crank for his inability to obtain new counsel for the period of "3/17/2020 thru 7/09/2020," which resulted in Plaintiff not having legal counsel when making decisions about "plea offers [with] expirations."  Doc. [1-3 at 1].  Plaintiff did not have the money to pay a new private attorney after paying Crank, and as stated above, the public defender's office refused to enter on his cases.  *Id.* at 7, 10.

Plaintiff also blames Crank for his "loss of freedom" in that he had to sit "in a cell for 23 hours 15 mins a day social distancing alone for over 4 months stressing without legal

---

[2] During the time period at issue, Plaintiff had criminal charges pending against him in both St. Louis and Jefferson Counties.  *See* Doc. [1-3 at 13, 30] (listing Plaintiff's case numbers).

[3] Plaintiff attached letters he received from the Missouri State Public Defender Office dated March 24, April 8, May 18, and August 7, 2020, stating that they could not represent him because he still had private counsel entered on at least one of his pending cases, with no pending motion to withdraw.  Docs. [1-3 at 14-17].

representation." Doc. [1 at 7]. Plaintiff's resulting injuries include emotional stress, migraines, loss of sleep, depression, problems eating and functioning, and hair loss. *Id.* at 3-4, 7.

For relief, Plaintiff seeks two million dollars in damages and the cost of a new "private attorney of [his] choosing." *Id.* at 7, 9. He also wants Crank disbarred "so no one has to be burdened with his representation." *Id.* at 7.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). The essential elements of a constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

"[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). An attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325.

However, when a private party acts under color of state law, he or she can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). But a private party may only be held liable if he or she is a "willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009)

(internal citation omitted).  In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

In this case, Plaintiff's complaints about defendant Crank concern his performance (or lack of performance) of the traditional functions of a defense attorney.  Defendant Crank is a private party and not a state actor.  In addition, none of the allegations indicate Crank acted as a willful participant in joint activity with the State.  There are no assertions of a mutual understanding or meeting of the minds between Crank and any state actor.

As such, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).  Defendant attorney Donald Crank is not a state actor, he was not acting under color of state law, and therefore he cannot be sued under 42 U.S.C. § 1983.  This case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* Doc. [2] is **GRANTED**.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within **twenty-one (21) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant Donald W. Crank because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel Doc. [3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of February, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE